UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**UNITED STATES OF AMERICA**

-v-                                                03-10078-001-T

**PERRY ORLANDO**

David Camp, CJA
Defense Attorney
403 North Parkway
Jackson, TN 38305

### AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1, 2 and 3 of the Indictment on July 06, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 USC § 371 | Conspiracy to Commit Bank, Mail and/or Wire Fraud | 09/15/1998 | 1 |
| 18 USC § 1341 | Mail Fraud | 09/14/1998 | 2 |
| 18 USC § 1343 | Wire Fraud | 09/29/1998 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Count(s) 4 and 5 dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      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
Defendant's Date of Birth:     08/04/1956
Deft's U.S. Marshal No.:       41521-018

Date of Imposition of Sentence:
October 24, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___10-28-05___

110

Case No: 1:03cr10078-01-T   Defendant Name: Perry Orlando          Page 2 of 7

Defendant's Mailing Address:
1610 Kish Boulevard
Trinity, FL 34655

_____
JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE
October 27, 2005

Case No: 1:03cr10078-01-T   Defendant Name: Perry Orlando                                   Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **60 Months on each of Counts 1 an 2, to run concurrently, and 27 Months on Count 3, to run consecutively to Counts 1 and 2, for a total of 87 months.**

The Court recommends to the Bureau of Prisons: Institution as close to defendant's home in Florida as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States District Court Clerk's Office in the Order to Surrender.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 1:03cr10078-01-T   Defendant Name: Perry Orlando          Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on each of Counts 1, 2 and 3, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall pay any special assessment and/or restitution as imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall be expressly prohibited from any position of employment within the trucking industry and from ownership (full or partial) of any business which is involved in the trucking industry. The defendant is further expressly prohibited from any business and/or financial association, either direct or indirect, with any business or individuals involved in the trucking industry.

3. The defendant shall cooperate with the United States Probation Office in the collection of DNA.

4. The defendant shall provide the probation officer with full and unrestricted access to any requested financial information.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant and co-defendant, Ricky Persaud, shall be jointly and severally liable for $618,522.00 of the restitution. The defendant and co-defendant, Teri Uhan, shall be jointly and severally liable for the entire $129,788.63 in restitution. Only Mr. Orlando shall be liable for the remainder of the restitution.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 |  | $1,516,412.83 |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$1,156,412.83** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below. Restitution shall be paid in monthly installments equal to ten (10%) of the defendant's total gross monthly household income from all sources. The defendant shall be required to regularly furnish proof of his gross monthly household income, upon which the amount of monthly payments

shall be based, to the U. S. Probation Office. The defendant shall not incur new credit charges or open any additional lines of credit without the permission of the U. S. Probation Officer, while any portion of the restitution remains unpaid.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| G.E. Capital Corporation Attn: Daniel Costello | | $809,852.45 | |
| Volvo Commercial Finance | | $211,771.75 | |
| Regions Financial (a/k/a Union Planters Bank) | | $129,788.63 | |
| Dallas Johnson | | $5,000.00 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 110 in case 1:03-CR-10078 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

David W. Camp
LAW OFFICES OF DAVID CAMP, PLLC
403 N. Parkway
Jackson, TN 38305

William D. Massey
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128

Richard Leigh Grinalds
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT